E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5487
    Facsimile: (213) 894-0141
    E-mail:   suria.bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 22-CR-00163-FLA |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JESUS ERIK PULIDO |
| v. | |
| JESUS ERIK PULIDO, | |
| Defendant. | |

1.   This constitutes the plea agreement between JESUS ERIK PULIDO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Erik Jesus Pulido, CR No. 22-00163-

FLA, which charges defendant with Breaking and Entering Into Carrier Facilities, in violation of 18 U.S.C. § 2117.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

1   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
2   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
3   criminal debt shall be assessed based on the completed Financial
4   Disclosure Statement and all required supporting documents, as well
5   as other relevant information relating to ability to pay.

6         j.   Authorize the USAO to obtain a credit report upon
7   returning a signed copy of this plea agreement.

8         k.   Consent to the USAO inspecting and copying all of
9   defendant's financial documents and financial information held by the
10  United States Probation and Pretrial Services Office.

11                    THE USAO'S OBLIGATIONS

12     3.   The USAO agrees to:

13        a.   Not contest facts agreed to in this agreement.

14        b.   Abide by all agreements regarding sentencing contained
15  in this agreement.

16        c.   At the time of sentencing, move to dismiss the
17  remaining count of the indictment as against defendant.  Defendant
18  agrees, however, that at the time of sentencing the Court may
19  consider any dismissed charge in determining the applicable
20  Sentencing Guidelines range, the propriety and extent of any
21  departure from that range, and the sentence to be imposed.

22        d.   At the time of sentencing, provided that defendant
23  demonstrates an acceptance of responsibility for the offense up to
24  and including the time of sentencing, recommend a two-level reduction
25  in the applicable Sentencing Guidelines offense level, pursuant to
26  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
27  additional one-level reduction if available under that section.

28

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 12 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Breaking and Entering Into Carrier Facilities, in violation of Title 18, United States Code, Section 2117, the following must be true: (1) defendant broke the seal or lock of a railroad car or other vehicle, or defendant entered a railroad car or other vehicle; (2) the railroad car or other vehicle contained a shipment of property that had been or was being transported in interstate or foreign commerce; and (3) defendant acted with the intent to take property from within the railroad car or other vehicle and permanently deprive the owner of the property of its use and benefit.

## PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2117, is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $3,078.71, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

1  result in defendant serving a total term of imprisonment greater than
2  the statutory maximum stated above.

3      8.   Defendant understands that, by pleading guilty, defendant
4  may be giving up valuable government benefits and valuable civic
5  rights, such as the right to vote, the right to possess a firearm,
6  the right to hold office, and the right to serve on a jury. Defendant
7  understands that he is pleading guilty to a felony and that it is a
8  federal crime for a convicted felon to possess a firearm or
9  ammunition.  Defendant understands that the conviction in this case
10 may also subject defendant to various other collateral consequences,
11 including but not limited to revocation of probation, parole, or
12 supervised release in another case and suspension or revocation of a
13 professional license.  Defendant understands that unanticipated
14 collateral consequences will not serve as grounds to withdraw
15 defendant's guilty plea.

16     9.   Defendant understands that, if defendant is not a United
17 States citizen, the felony conviction in this case may subject
18 defendant to: removal, also known as deportation, which may, under
19 some circumstances, be mandatory; denial of citizenship; and denial
20 of admission to the United States in the future.  The Court cannot,
21 and defendant's attorney also may not be able to, advise defendant
22 fully regarding the immigration consequences of the felony conviction
23 in this case.  Defendant understands that unexpected immigration
24 consequences will not serve as grounds to withdraw defendant's guilty
25 plea.

26                          FACTUAL BASIS

27     10.  Defendant admits that defendant is, in fact, guilty of the
28 offense to which defendant is agreeing to plead guilty.  Defendant

6

and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 12 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

On or about January 7, 2022, in Los Angeles County, within the
Central District of California, defendant knowingly and with the
intent to commit larceny, broke the seal and lock of freight
container DTTX 681142 travelling on Burlington Northern Santa Fe
Railway ("BNSF") train S-LPCSCO1-04L, which contained an interstate
shipment of freight, express, and other property.  Specifically,
defendant cut the air hose of the train, causing it to stop, and then
used a DeWalt reciprocating electric saw to cut the security seal off
the freight car door and open it.  A full box of frozen boneless pork
shoulder meat, which had traveled in interstate commerce, was taken
from the container and found on the ground near the tracks.  BNSF
suffered a loss in the amount of $578.71 due to train delays.  In
breaking into the container on the train, defendant acted with the
intent to take property from within the container and permanently
deprive the owner of the property of its use and benefit.

Two days later, on or about January 9, 2022, defendant, with
unindicted individuals, each aiding and abetting the other, knowingly
and with the intent to commit larceny, entered freight container
UESU471374 travelling on BNSF train S-LBTLPC1-09K, which contained an
interstate shipment of freight, express, and other property.
Specifically, defendant, along with unindicted individuals, stole

multiple boxes of dishwashers from the container, five of which were later found near the train.  The recovered dishwashers, which had traveled in interstate commerce, were valued at $500 each for a total cost of $2,500.  In breaking into the container on the train, defendant acted with the intent to take property from within the container and permanently deprive the owner of the property of its use and benefit.

On or about January 14, 2022, defendant -- who was wearing the same backpack and shoes seen on surveillance video that captured him breaking into BNSF train S-LPCSCO1-04L on January 7, 2022 -- was found with a DeWalt reciprocating saw as well as burglary tools.

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              12       U.S.S.G. § 2B2.1(a)(2)

| Minimal Planning | +2 | U.S.S.G. § 2B2.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than

10

$3,078.71; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $3,078.71.

WAIVER OF COLLATERAL ATTACK

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

12

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

13

against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Suria M. Bahadue*                              3/24/2023

SURIA M. BAHADUE                                Date
Assistant United States Attorney

_____                3/24/23

JESUS ERIK PULIDO                               Date
Defendant

_____                3/24/23

JAKE CRAMMER                                    Date
Attorney for Defendant
JESUS ERIK PULIDO

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  This agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No

16

1   promises, inducements, or representations of any kind have been made

2   to me other than those contained in this agreement.  No one has

3   threatened or forced me in any way to enter into this agreement.  I

4   am satisfied with the representation of my attorney in this matter,

5   and I am pleading guilty because I am guilty of the charge and wish

6   to take advantage of the promises set forth in this agreement, and

7   not for any other reason.

8

9   _____          3/24/23
    JESUS ERIK PULIDO                       Date
    Defendant

10

11                    CERTIFICATION OF INTERPRETER

12       I, Ma Dolores Martin, am fluent in the written and spoken English

13   and Spanish languages.  I accurately translated this entire agreement

14   from English into Spanish to defendant JESUS ERIK PULIDO on this

15   date

16   _____          March 24, 2023

17   INTERPRETER                             Date

18

19               CERTIFICATION OF DEFENDANT'S ATTORNEY

20       I am JESUS ERIK PULIDO's attorney.  I have carefully and

21   thoroughly discussed every part of this agreement with my client.

22   Further, I have fully advised my client of his rights, of possible

23   pretrial motions that might be filed, of possible defenses that might

24   be asserted either prior to or at trial, of the sentencing factors

25   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

26   provisions, and of the consequences of entering into this agreement.

27   To my knowledge: no promises, inducements, or representations of any

28   kind have been made to my client other than those contained in this

                                   17

agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          3/24/23
JAKE CRAMMER                                    _____
Attorney for Defendant                         Date
JESUS ERIK PULIDO